IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

DE'VON LE'EDWARD WALKER,

Defendant.

CASE NO.: 4:16-cr-63

# **O R D E R**

Defendant De'von Le'edward Walker has filed a pleading that is frankly difficult to decipher. (Doc. 83). The Government interprets the pleading as a motion to adjust his release date. (See doc. 84.) As the Government correctly notes, to the extent Walker seeks this adjustment, the Court cannot grant it.

> [T]he Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. As a result, a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.

United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citations and quotations omitted). Walker does not allege, much less demonstrate, that he exhausted his administrative remedies. Accordingly, the Court **DENIES** Walker's putative request that the Court adjust his release date **WITHOUT PREJUDICE**. Should Walker continue to seek the relief he requests after exhausting his administrative remedies, he must file a Section 2241 petition in the district of his confinement.

To the extent Walker asks the Court to revisit his sentence or provide some other relief, he has not clearly stated that request much less provided a basis to grant any relief.  Thus, the Court **DENIES** the remainder of his Motion, (doc. 83).

    **SO ORDERED**, this 30th day of May, 2025.

                                  R. STAN BAKER, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF GEORGIA